Fourth Court of Appeals

San Antonio, Texas

FILED
IN THE COURT OF APPEALS
AT SAN ANTONIO, TEXAS
2015 SEP 28 PM 2:32
KEITH E. HOTTLE, CLERK

No. 04-14-00874-CV

John M Donohue

Appellant

v.

Daniel R Butts, Sheriff, Bandera County, Texas, Capt Shane Merrit, Robert Vela, Investigator

Individually and in their official capacity

Appellees

From the 198th Judicial District, Bandera County, TX

Trial Court No. CV-14-0000180

Honorable M. Rex Emerson, Judge Presiding

Appellant Brief For Rehearing

Appellant

John M Donohue, pro se

Duncan Unit 1895023

Diboll, TX 75941

Appellant does not request oral argument

PARTIES TO LAWSUIT

APPELLANT

John M Donothu, prose
Duncan Unit 1855033
1502 South 1st St
Diboll, TX 75541


APPELLEE ATTORNEY

McGinnis Lochridge
Michael S Hourusse
600 Congress Ave, Ste 2100
Austin, TX 78701


APPELLEE'S

Daniel R Butts, Sheriff, Bandera County, TX
Capt Shane Merritt
Robert Vela, Investigator
3360 State Hwy 173 N
Bandera, TX 78003

# TABLE OF CONTENTS

TITLE

PARTIES TO THE SUIT i

TABLE OF CONTENTS ii

STATEMENT OF ORAL ARGUMENTS iii

TABLE OF AUTHORITIES iv

I. FACTS OF THE CASES 1

II. ARGUMENT - PLEADINGS 1

 SUMMARY OF THE ARGUMENT - RECAP OF ISSUES, INTENT 2

III ARGUMENT - SUBJECT-MATTER/GOVERNMENTAL IMMUNITY 3

 SUMMARY OF THE ARGUMENT - TRIAL COURT HAS JURISDICTION

  AND APPEALES ARE NOT PROTECTED BY GOVERNMENTAL IMMUNITY 3

IV ARGUMENT - STATUS 4

 SUMMARY OF THE ARGUMENT - INDIVIDUAL AND OFFICIAL IMMUNITY 4

V ARGUMENT - DISCOVERY 6

 SUMMARY OF THE ARGUMENT - DISCOVERY WOULD HAVE AMENDED

  PLEADINGS 6

VI. CONCLUSION 7

VII. PRAYER 8

8 VERIFICATION 8

 CERTIFICATE OF SERVICE r

## Oral Arguments

Appellant does not request oral argument

TABLE OF AUTHORITIES

| Case | Page No. |
|---|---|
| 1. Arbelaez v Just Brakes, 149 SW3d 717, 726 (Tex App. Houston 1993) | 5 |
| 2. City of El Paso v Heinrich, 284 SW3d 366 (Tex 2008) | 3 |
| 3. City of Lancaster v Chambers, 883 SW3d 650, 657 (Tex 1994) | 6 |
| 4. Franka v Velasquez, 332 SW3d 367 (Tex 2011) | 4, 5 |
| 5. Huntsville ISD v Briggs, 262 SW3d 385 (Tex App. - Waco 2008) | 4 |
| 6. In re Maurer, 15 SW3d 256 (Tex App. - Houston [1st Dist.] 2001) | 6 |
| 7. In re SWPI, LLP (4th Court of Appeals San Antonio) 2000 | 6 |
| 8. Nueces County v Ferguson, 97 SW3d 205 (Tex App - Corpus Christi 2002) | 4 |
| 9. Quarterman v Hampton, 321 SW3d 864 (Tex App - Houston [1st Dist] 2010) | 7 |
| 10. Satterfield & Pontikes, v Evans ISD, 123 SW3d 63 (Tex App - Dallas 2003) | 3 |
| 11. Smith v Davis, 999 SW 2d 409 (Tex - Dallas 1999, no pet) | 3 |
| 12. Telethruster v Tennell, 92 SW3d 457 (Tex 2000) | 5 |
| 13 Texas Bay Cherry Hill, LLP v City of Fort Worth, 257 SW3d 375 (Tex App - Fort Worth 2008) | 4 |
| 14. UTMB v Hohman, 6 SW3d 765, 778 (Tex App - Houston 1999) | 5 |

STATUTES

| | | |
|---|---|---|
| Tex. Civ. Prac & Rem Code §101.106 | | 4, 7 |
| Tex Civ. Prac + Rem Code §101.106 (a) | | 4, 5, 6, 7 |
| Tex Civ. Prac + Rem Cod §101.106 (e) | | 7 |
| Tex Civ Prac. + Rem Code §101.106 (f) | | 5, 6, 7 |
| Tex Gov't. Code Ann §311.023(.)(5) | | 7 |

| | |
|---|---|
| Black's Law Dictionary 10th Ed | 7 |

CAUSE NO. 04-14-00674-CV

| | |
|---|---|
| JOHN M DONOHUE | IN THE DISTRICT COURT |
| APPELLANT | |
| V | |
| DANIEL R BUTTS, SHERIFF, | |
| BANDERA COUNTY, TEXAS, | FOURTH COURT OF APPEALS |
| RESPONDENT SUPERIOR; | |
| CAPT. SHANE MERRITT, | |
| ROBERT KEM, INVESTIGATOR; | |
| DEFENDANTS - INDIVIDUALLY AND IN | |
| THEIR OFFICIAL CAPACITY | SAN ANTONIO, TEXAS |

APPELLANT'S BRIEF FOR REHEARING

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now, JOHN M DONOHUE, APPELLANT, PRO SE, AND FILES THIS BRIEF FOR REHEARING IN THE ABOVE STYLED AND NUMBERED CAUSE, AND WILL RESPECTFULLY SHEW THE COURT:

I FACTS OF THE CASE

APPELLANT FILED FIRST AMENDED BRIEF ON JANUARY 16, 2015 AFTER THE HONORABLE COURT REJECTED APPELLANT'S ORIGINAL BRIEF. THE REJECTION WAS DUE TO APPELLANT TRYING TO EXPLAIN THAT THE TWO LAWSUITS WERE WERE COMBINED (C.R. 6, 21), BY THE BANDERA COUNTY DISTRICT CLERK AND THIS LAWSUIT IS INTENDED TO BE TWO (2) STAND ALONE SUITS, AND THE CASE SHOULD BE REMANDED AND SEPARATED AS INTENDED. THE APPELLATE COURT RULED THAT TWO (2) SUITS WERE ONE IN THE SAME AND FOR APPELLANT TO FILE AN AMENDED BRIEF. HOWEVER, THE REVIEWING

KONT?

(1)

Court's Memorandum Opinion acknowledges that an "Original Notice of Assault and False Imprisonment" (C.R. 6) was filed on June 4, 2004, and on June 11, 2014, "Original Notice of Complaint and Claims for Relief" was filed. Please compare the first page of each suit (C.R. 6, 21). The styles are different, the titles are different, the allegations are different, and they are filed on different dates. These are intended to be two (2) separate suits. It is obvious that something is amiss, because when the suit is read as one, it makes no sense. The trial court abused its discretion by refusing to acknowledge appellant's intent and allow appellant to amend the lawsuit.

## II. ARGUMENT - PLEADINGS

Appellant acted pro se and the pleadings were done poorly. Appellant tried to find and attorney, but was unable to. Although the form is incorrect, intent should be discernable.

### Summary of the Argument

Memorandum Opinion, Discussion, Page 2, Issues Presented: 1) Penal Code - Although appellant states that this suit is brought under the Penal Code (C.R. 7), the intent was to conduct a civil action based on criminal acts as described and defined under the Penal Code, seek damages equal to the maximum amount of fine for a particular offense and imposed the penalty under Chapter 41, Tex Civ Prac + Rem Code, as provided under Section 12.01(c), Penal Code; 2) Appellant will address Section 101.106, Election of Remedies; 3) N/A, no response, 4) The trial court abused its discretion by holding appellant's

(Cont)

(7)

REQUEST FOR DISCLOSURE UNTIL AFTER PLEA TO THE JURISDICTION (C.R. 28). APPELLANT SHOULD HAVE BEEN GIVEN THE OPPORTUNITY TO AMEND THE LAWSUIT.

III ARGUMENT. SUBJECT-MATTER JURISDICTION/GOVERNMENTAL IMMUNITY

THE TRIAL COURT HAS SUBJECT-MATTER JURISDICTION, AND APPELLANT'S CLAIMS ARE NOT BARRED BY IMMUNITY.

SUMMARY OF THE ARGUMENT

APPELLANT CLAIMS THAT BANDERA COUNTY SHERIFF OFFICERS ACTED OUTSIDE THE SCOPE OF THEIR AUTHORITY AND OUTSIDE THE LAW. (C.R. 9) A STATE OFFICIALS ILLEGAL OR UNAUTHORIZED ACTS ARE NOT ACTS OF THE STATE. CITY OF EL PASO V HENRICH, 284 SW3d 366 (TEX 2009) [A] STATE OFFICIAL WHO HAS ACTED WITHOUT LEGAL OR STATUTORY AUTHORITY IS NOT A SUIT AGAINST THE STATE THAT SOVEREIGN IMMUNITY BARS. ID THE SHERIFF'S OFFICERS ARE NOT PROTECTED BY GOVERNMENTAL IMMUNITY WHEN THE GOVERNMENTAL UNIT IS NOT A PARTY TO THE SUIT. SMITH V DAVIS, 999 SW 2d 409 (TEX - DALLAS 1999, no pet.) IN TEXAS THE GOVERNMENT DOES NOT BECOME A PARTY TO A SUIT IN TORT, AND TORT LIABILITY CANNOT BE IMPOSED ON IT, UNLESS IT IS FIRST NAMED AS A DEFENDANT. ID EVEN THEN, GOVERNMENTAL IMMUNITY PROTECTS ONLY THE POLICAL SUBDIVISIONS, INCLUDING COUNTIES, CITIES AND SCHOOL DISTRICTS. SATTERFIELD & PONTIKES V 123 SW 3d 63 (TEX APP - DALLAS 2003) THERE IS NO IMMUNITY, OTHER THAN OFFICIAL IMMUNITY, THAT APPLIES TO GOVERNMENT EMPLOYEES. SMITH @ 417

THERE IS NO GOVERNMENTAL UNIT OR ENTITY NAMED IN LAWSUIT AND NO GOVERNMENTAL LIABILITY IS ALLEGED OR IMPLIED. THE THE TRIAL COURT ABUSED ITS DISCRETION IN DISMISSING THIS SUIT FOR LACK OF SUBJECT-MATTER BASED ON GOVERNMENTAL IMMUNITY.

IV. ARGUMENT - STATUS

Individual and Official Capacity

Summary of the Argument

Under Texas law, a suit against a governmental employee is a suit against the governmental employee, with one exception: an act alleging the employee acted _ultra vires_. _Franka v Velasquez_, 332 SW 3d 367 (Tx 2011). Appellant alleges Appellees acted outside the scope of their authority and outside the law. (C.R. 6, 21)

Whether the employee is initially sued in his/her individual or official capacity is irrelevant. _Huntsville ISD v Briggs_, 262 SW 3d 390, 395 (Tex App-Waco 2008) Section 101.106, Election of Remedies of the Texas Civil Practice and Remedies Code applies regardless of whether the employee is sued in his or her official capacity or individual capacity. _Texas Bay Cherry Hill, LLC v City of Fort Worth_, 257 SW 3d 375 (Tex App-Fort Worth 2008) The course of the proceedings will determine the nature of the liability plaintiff will seek to impose. _Nueces County v Ferguson_, 97 SW 3d 205 (Tex App-Corpus Christi 2002) Section 101.106 has six subdivisions that apply to lawsuits that are filed against governmental employees. Subsections 101.106(b) and 101.106(f) apply to this lawsuit.

Upon filing of a suit against a governmental employee, the suit automatically defaults to subsection 101.106(b), and constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against the governmental unit regarding same-subject-matter jurisdiction. Tex. Civ. Prac + Rem. Code §101.106(b). From 101.106(b), the suit moves

(Cont)

(9)

to §101.106(f) to determine status of the employee by proving proof that the employee's conduct was: 1) within the scope of the employee's authority, 2) in the furtherance of the employer's business, and 3) for the accomplishment of the objective for which the employee was employed, and if so, the suit is considered to be in the employee's official capacity only. Anderson v Fort Bend ISD, 149 SW 3d 717, 726 (Tex App-Austin 2004). If the employee cannot carry this burden, the suit against the employee must proceed in his individual capacity. Franka v Velasquez, 332 SW 3d 265 (Tex 2011)

Upon establishing individual capacity, the employee may claim entitlement to official immunity. However, official immunity is is not presumed, it is an affirmative defense that must be conclusively proven. Telthorster v Tennell, 92 SW3d 457 (Tex 2002). The employee must show that his actions were: 1) discretionary, 2) performed in good faith, and 3) within the scope of his employment. UTMB v Hohman, 6 SW3d 769, 778 (Tex App-Houston [1 Dist] 1999) The employee must conclusively prove each element of the defense. Id

Appellant alleges criminal acts, including assault, and violations of rights under the Constitution. (C.R. 7.9) Appellee's have offered no proof to support there that they acted in the furtherance of their employers business and for the accomplishment of the objective for which they are employed. Under §101.106 (f) material issue of fact or that they are entitled to official immunity under §101.106(b). If material issues of fact exist under §101.106 (f) and officer's cannot establish that they are acted in good faith when contentions of excessive force (C.R. 8.9) are alleged against the officers, as a matter of law. See also Telthorster the trial court abused its discretion in dismissing this case.

without proof of official capacity or official immunity, and whether the defendants actually did commit acts that violate clearly established rights, summary judgement on qualified or official immunity is improper. City of Lancaster v Chambers, 883 SW3d 650, 657 (Tex 1994)

## V. ARGUMENT - DISCOVERY

District Clerk and Court withheld request for disclosure that would have produced evidence that parties acted illegally.

## Summary of the Argument

The purpose of discovery is to allow the parties to obtain full knowledge of the facts and issues prior to trial. En Re Mauler, 15 SW3d 256 (Tex. App-Houston 14 dist 2001). Affording parties full discovery promotes fair resolution of disputes by the judiciary, and this court (4th Court of Appeals) has vigorously sought to ensure that lawsuits are decided by what the facts reveal, not by what facts are concealed. En Re SWB, LLP (4th Court of Appeals - San Antonio 2000) quoting Lowry 202 SW3d 671.

The County Clerk Clerk and the Court intercepted "Plaintiffs Original Request for Disclosure (C.R. 79), addressed to Daniel R. Butts Sheriff, Respondent Superior, and held it until after Plea to the Jurisdiction was granted, and then treated the request of for Disclosure as if it had been filed as a motion, denying Disclosure and Motion to Release, information. (C.R. 105). Texas Rules of Civil Procedure do not give the District Clerk the authority to withhold personal mail from defendant. Had this suit been in a larger city, the District Clerk wouldn't be serving the Sheriffs Mail. Had the documents requested been produced, they

THEY WOULD HAVE SHOWN THAT THERE WERE ACTUALLY FOUR (4) OFFICERS INVOLVED, AND INCIDENT REPORTS PROVE THAT OFFICERS ILLEGALLY ENTERED APPELLANT'S RESIDENCE WITHOUT A WARRANT AND TRIED TO FORCIBLY REMOVE APPELLANT FROM HIS HOME WITHOUT MAKING AN ARREST OR FILING CHARGES. THE OFFICER'S ACTIONS WERE NOTHING MORE THAN AN ATTEMPTED ABDUCTION

## VI CONCLUSION

THE TRIAL COURT ABUSED ITS DISCRETION IN GRANTING PLEA TO THE JURISDICTION BASED ON GOVERNMENTAL IMMUNITY.

## SUMMARY

APPELLEE'S ARGUMENTS FAIL AS FOLLOWS.

1) BANDERA COUNTY IS NOT A PARTY TO THIS LAWSUIT, THEREFORE, APPELLEES DO NOT HAVE DERIVATIVE IMMUNITY FROM THEIR GOVERNMENTAL EMPLOYER.

2) APPELLEE'S ATTEMPT TO APPLY SECTION 101.106(e) IN A WAY THAT WOULD LEAD TO CONSEQUENCES THAT THE EXPRESS TERMS OF THE STATUTE BE COMPROMISED IN A WAY THAT IS INCONSISTANT WITH ITS PLAIN MEANING. SEE TEX GOVT CODE ANN § 311.023 (1), (5)(Vernon's 2005); QUARTERMAN V HAMPTON 321 SW3d 864 (TEX. APP. - HOUSTON 1ST DIST. 2010)

3. DANIEL R BUTTS, SHERIFF, RESPONDENT SUPERIOR, IS NOT INNOCENT UNLESS HIS SUBORDINATES ARE INNOCENT.

4. THE TEXAS SUPREME COURT INTERPRETS SECTION 101.106, STATING --- RECOVERY AGAINST AN INDIVIDUAL EMPLOYEE IS BARRED. QUARTERMAN @ 868, SECTION 101.10... CANNOT BE USED BY EMPLOYEE'S TO OBTAIN DISMISSAL OF COMMON LAW INTENTIONAL TORT, ED AND 101.106(f) DOES NOT INCLUDE OFFICIAL CAPACITY FOR INTENTIONAL TORT. ED THEREFORE, THIS SUIT DOES NOT FALL UNDER THE ... CLAIMS ACT. A CRIME IS NOT A COURT. (BLACK'S LAW DICT 15TH ED)

(CONT)

For these reasons and others contained herein, this case should be remanded for further proceedings in the form of two stand alone suits.

## VII. PRAYER

Wherefore, premises considered, appellant, pro se, respectfully prays that the Honorable Court will consider appellant's pleadings and remand this case for further proceedings.

Respectfully submitted,

_John M. Donohue_, pro se

Duncan Unit 1895023

1502 South 1st St

Diboll, TX 75541

### VERIFICATION

I, John M Donohue, Plaintiff, pro se, under penalty of perjury, verify and declare that the foregoing is true and correct.

Executed on this the 24th day of September, 2015

_John M Donohue_

### Certificate of Service

I certify that a true and correct copy of the foregoing has been sent via 1st class U.S. Mail on this the 24th day of September, 2015, to:

1. Daniel R Butts, Shane Merritt, Robert Vela, c/o McGinnis Lochridge, 600 Congress Ave, Suite 2100, Austin, TX 78701

_John M Donohue_, pro se

(8)